### George H. Hermann v. J. W. McIver et al.

Decided June 10, 1908.

**1.—Limitation—Landlord and Tenant—Charge.**

Where a lease from plaintiff to defendant included the land in controversy, a charge which sustained defendant's plea of limitation if he was in possession of the premises for the statutory period, without excepting from such possession the time during which he held as tenant of plaintiff, was error.

**2.—Lease—Land Included—Intent of Parties.**

Where the terms of a lease were clear as to the land included, the character of defendant's possession thereunder could not be affected by his testimony as to his intent as to what was to be embraced at the time the contract was made.

**3.—Limitation—Landlord and Tenant.**

Where the possession relied on by defendant was clearly as a tenant for plaintiff, the court should have instructed the jury to disregard the issue of limitation.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Coleman & Abbott,* for appellant.

*Breeding, Lewis & Norton,* for appellee.

KEY, Associate Justice.—George H. Hermann brought this suit in the form of trespass to try title against J. W., J. N. and Jas. McIver. The record does not show that any answer was filed by James McIver. The other two defendants answered by general demurrer, general denial, plea of not guilty, and specially pleaded ten years limitation and agreed boundary line.

The plaintiff, by supplemental petition, denied the alleged agreement fixing the boundary line, and alleged that the defendants had not held adverse possession of the land, because of the fact that they leased it from him, plaintiff, for a period of ten years, and held possession under that lease.

At the trial it was agreed that the Pleasant W. Rose survey and the B. H. Freeling survey were adjoining tracts of land; that the plaintiff owned part of the Rose survey and the defendants part of the Freeling survey, and that the only questions to be determined were the boundary line between the two surveys, either in fact or by agreement of the parties, and the question of limitation pleaded by the defendants. On September 8, 1890, the plaintiff and the defendant J. W. McIver entered into a written contract of lease, by the terms of which the plaintiff leased to said defendant certain real estate for a term of five years. The description of the property leased is contained in this quotation from the lease contract: "The said G. H. Hermann has this day, September 8, 1890, bargained, leased and rented unto the said J. W. McIver all my land east of the G., H. & S. A. Railroad in the P. W. Rose league for a term of five years, at two cents per acre per annum, payable annually." On September 8, 1895, another written contract was entered into renewing and extending the lease for five years more. In the latter instrument substantially the same description is given of the leased premises. Both sides introduced testimony tending to support their respective contentions upon the question of boundary.

The first assignment of error challenges the correctness of the eighth paragraph of the court's charge, which reads as follows:

"On the other hand, if you believe that defendant's enclosure does not enclose any of the Rose survey, or if you believe it does inclose some of the Rose survey, but believe the plaintiff agreed with the defendant or defendants upon the line which is the defendants' north line of fence as the dividing line between the Rose and Freeling, or if you believe the defendants have had possession of the land in their enclosure, claiming the same for ten years next before the 4th day of March, 1904, then, in either event named in this paragraph, you will find for the defendants."

The objection to this charge is that it ignores the lease contracts and authorizes a finding for the defendants upon their plea of limitations, regardless of their possession being under the lease contracts. This objection is well taken, and requires a reversal of the judgment. There is no uncertainty or ambiguity in the description of the property covered by the leases, and that description included all of the land owned by the plaintiff in the P. W. Rose league and lying east of the G., H. & S. A. Railroad. There seems to be no dispute about the fact that the strip of land in controversy is east of the railroad referred to. The Rose survey and Freeling survey were contiguous, the south line of the Rose being the north line of the Freeling. Unless he had lost title by limitation or agreed boundary, the plaintiff owned the land on the Rose survey to the south line of that survey at the time the original lease contract was made. The court permitted the defendant J. W. McIver to testify that at that time he had the strip of land in controversy enclosed, and did not intend to lease it from the plaintiff; and the court

submitted to the jury the question of the defendant's intention to include the land in controversy in the lease contracts.

We think the court tried the case upon a mistaken view of the law. Unless he had lost his title by limitation or agreed boundary, the plaintiff owned the land to the true south boundary line of the Rose survey at the time the original lease contract was made; and, if such was the case, by the very terms of that contract the defendant J. W. McIver became the plaintiff's tenant as to the land in controversy, and in law held possession by virtue of such tenancy, and his possession thereafter was not adverse to the plaintiff. At the time the original lease contract was made the defendants had not been in adverse possession of the land in controversy a sufficient length of time to affect the plaintiff's title by limitation; and if at that time the defendants already had enclosed any of the Rose survey, and the plaintiff had not estopped himself by an agreed boundary line, then so much of the Rose survey as was within the defendant's enclosure was the property of and belonged to the plaintiff, and was covered by and embraced in the lease contract, which, in express terms, included all land owned by the plaintiff in the Rose survey east of the G., H. & S. A. Railroad. There being no ambiguity in the description of the property as set out in the lease contract, the intention of the parties as to the property covered by that contract must be determined from the description there given, and not from the testimony of either party as to what he did or did not intend.

This being the case, we are of opinion that the trial court erred in giving the charge quoted above, and also erred, as contended under the second assignment of error, in submitting to the jury the question of the defendant's intention in executing the lease contracts. As we understand the other testimony, and giving the lease contracts their proper construction, it seems to us that the question of limitation was out of the case, and the jury should have been so instructed.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*