MATHEWS et ux. v. THORNELL et ux.

No. 12338.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 21, 1951.

Rehearing Denied Dec. 19, 1951.

Herman A. Knopp, San Antonio, for appellants.

Moursund, Ball, Moursund & Bergstrom and Trueheart, McMillan & Russell, all of San Antonio, for appellees.

NORVELL, Justice.

This is the second appeal of this case. Upon the first appeal a judgment based upon an instructed verdict was reversed because the written record brought to this Court was so indefinite that we could not determine what particular tract or tracts of land the witness had reference to while testifying as to certain maps introduced in evidence. Upon remand of the cause appellees, William Thornell and wife, moved for a summary judgment in accordance with the provisions of Rule 166–A, Texas Rules of Civil Procedure. This motion was contested by appellants, M. D. Mathews and wife. Both the motion and the contest thereto were supported by affidavits executed by Fred Popham. The trial court granted the motion and judgment for the appellees was accordingly rendered.

In our opinion the trial court was correct in its action. The record and affidavits show that there is no genuine issue as to any material ·fact and that the moving parties were entitled to judgment as a matter of law. The uncertainty of the former record has been obviated by the affidavits accompanying the motion and reply, and it appears conclusively that appellants have no title to the disputed strip of land under the ten-year statute of limitations. Article 5510, Vernon's Ann.Civ.Stats.

We refer to our former opinion for a statement of the case. Mathews v. Thornell, Tex.Civ.App., 236 S.W.2d 251. It is sufficient for our present purposes to say that appellees are the holders of the record title to the East one-half of Tract 364, Block 39, Mayfield Park, Second Filing, a subdivision located in Bexar County, Texas. Appellants hold the record title to the West one-half of the adjoining lot to the east, i. e., Tract No. 365, Block 39, of said subdivision, and in addition claim a strip of land located along the east side of Tract 364 by adverse possession. In order to establish this claim it was necessary that appellants show that their predecessor in title, Fred Popham, was claiming this strip adversely. Popham had title to the West half of Tract 365, as well as possession of the strip along the East one-half of Lot 364, from January, 1938, until March, 1945.

· We find no substantial conflict among Popham's statements contained in the various affidavits signed by him. Some time prior to January of 1938, Popham rented the West one-half of Tract 365 from a man named Ferris, who held it under contract with Mortgage Loan and Agency Company, also the owner of Tract 364, and under whom appellees claim. Shortly thereafter Popham went to Mortgage Loan and Agency Company and requested permission to use the adjoining property (Tract 364 and the East one-half of Tract 363), and this permission was granted by the company. Without making a survey, and making no

particular effort to locate the exact boundary line, Popham built a fence along what he supposed was the boundary line between Tracts Nos. 364 and 365. Ferris lost his interest in the property (West one-half of 365) and Popham purchased the same by a tract and block description from Mortgage Loan and Agency Company. Thereafter, he continued to use the adjoining property under permission obtained from the company until he sold the West one-half of Tract 365 in 1945.

In one affidavit Popham states that he "never at any time claimed any of the property owned by Mortgage Loan & Agency Company, except the West one-half of Tract 365, purchased by him and described in the deed to him from Mortgage Loan & Agency Company; that he never did claim, or intend to claim, any property owned by any one else."

In another affidavit, Popham said he built the fence on what he "figured was the west line of the property" (Lot 365), and he claimed that the fence was on the west boundary and that when he acquired the property formerly held by Ferris, he thought he was getting all the land up to the fence and thereafter claimed up to the fence.

The question raised by Popham's statements is one of law and not of fact. Obviously, had Popham never secured the consent of the Mortgage Loan and Agency Company to use and occupy Tract 364, a different question as to the adverse nature of his claim would be presented. But when he secured this permission he entered upon Tract 364 as a tenant at will in recognition of his landlord's title, and this is true no matter how mistaken he may have been as to the location of boundary lines, 'for the landlord upon inspecting the premises would find his tenant in possession, and such possession in the absence of repudiation (which is not suggested in this case) could not operate as notice of adverse claimer. Hermann v. McIver, 51 Tex.Civ. App. 270, 111 S.W. 766; Brown v. Bickford, Tex.Civ.App., 237 S.W.2d 763.

The judgment is affirmed.